NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3416

UNITED STATES OF AMERICA

v.

BRENTON HOLMES,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 09-cr-00068-002)
District Judge: Honorable Eduardo C. Robreno

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2010

Before: McKEE, Chief Judge, RENDELL and GARTH, Circuit Judges.

(Filed: May 27, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Defendant Brenton Holmes pled guilty to interfering with interstate commerce by

robbery, conspiring to do the same, and using and carrying a firearm during a crime of

violence. The District Court sentenced him to 157 months' imprisonment, which

included concurrent terms of 37 months' imprisonment on the first two counts and a consecutive term of 120 months' imprisonment on the third count. Although Holmes sought to appeal his sentence, his counsel has filed a motion in accordance with *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw from representing Holmes and asserting that there are no nonfrivolous arguments for appeal. We agree with counsel, and will grant the motion and affirm the Judgment of the District Court.[1]

In *Anders*, the Supreme Court held that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. However, counsel must support his request with "a brief referring to anything in the record that might arguably support the appeal." *Id.* Thus, counsel has two obligations: "(1) to satisfy the court that he or she has thoroughly scoured the record in search of appealable issues; and (2) to explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

Counsel argues that the only potential ground for appeal is an error in sentencing, but concedes that the sentence imposed by the District Court was reasonable.[2] We agree with counsel that the sentence does not present any nonfrivolous issues for appeal. The District Court followed the three-step process that we require for sentencing, in which the Court must calculate the Guideline range applicable to a defendant, formally rule on any

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Holmes has not exercised his option to file a *pro se* brief. *See* L.A.R. 109.2(a).

departure motions, and exercise its discretion by considering the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). The Court correctly calculated the Guideline range for the robbery and conspiracy counts as 37 to 46 months, properly determined that 18 U.S.C. § 924(c) required the imposition of a consecutive ten-year sentence because Holmes had brandished a short-barreled shotgun during the robbery, and correctly concluded that this resulted in a Guideline range of 157-166 months. The Court also considered the factors set forth in § 3553(a), and reasonably concluded that a 157-month sentence was appropriate in light of the seriousness of the offense, the defendant's criminal history, and the need for specific and general deterrence. Thus, we find no error in the Court's imposition of a 157-month sentence. Based on our independent review of the record, we also agree with counsel that there are no other nonfrivolous grounds for appeal.

We conclude that counsel has satisfied his obligations under *Anders*. We will therefore affirm the Judgment of the District Court and will grant counsel's motion to withdraw. We further hold that the issues presented in this appeal lack legal merit for purposes of counsel filing a petition for certiorari in the Supreme Court. *See* 3d Cir. L.A.R. 109.2(b).